MANUEL LEDESMA DÁVILA, RENT ADMINISTRATOR OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JOSÉ M. CALDERÓN, JUDGE, Respondent. LUIS C. CUYAR, Intervener.

No. 20. Argued January 9, 1950.—Decided March 24, 1950.

82

Manuel Ledesma Dávila pro se. F. Fernández Cuyar for lessor,
    intervener in this Court. J. Jiménez Aguayo for lessees,
    interveners in the lower court.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the
Court.

On July 20, 1948, the Rent Director, petitioner herein,
issued orders Nos. IA–1735 and IA–1737 of the Rent Office,
decreasing the rentals of two commercial premises of the in-
tervener herein, Luis C. Cuyar, from $200 to $127 in each
case, effective August 1st of the same year. Seeking a revi-
sion of the orders, Cuyar resorted to the District Court of
San Juan and the latter rendered judgment on May 26, 1949
annulling them. We issued a writ of certiorari to review the
action of the district court.

The question to be decided is whether the Administrator
has any authority, under Act No. 201 of May 14, 1948 amend-
ing § 6 of the Reasonable Rents Act—No. 464 of April 25,
1946—to make the afore-mentioned reductions, effective on
a date subsequent to the approval of said Act No. 201, in the
rentals of commercial premises which by virtue of § 24 of
Act No. 464 were exempt from the regulations of rent control
during the emergency decreed by said Act.

In *Aponte* v. *District Court*, 68 P.R.R. 777, the
issue presented was whether the commercial premises of Mr.
Cuyar, involved in this suit, were exempt or not from the
regulations of rent control by virtue of the provisions of § 24
of the Reasonable Rents Act which exempted from such reg-
ulations "every rental property for businesses and commercial

and industrial purposes whose construction is actually started on or after January 1, 1946, and terminated within a period of one year counting from said date . . ." We held that said Article did not exclude from its provisions those cases in which—as that of the premises of Mr. Cuyar—the property rented for business and commercial purposes had been increased by the reconstruction of an already-existing property without the elimination of the residential apartments which existed in said property, inasmuch as the latter had been moved to a third story erected on the previous construction. Consequently, we upheld the lower court in its annulment of two orders of the Administrator dated August 14, 1947 by which the latter had ordered reductions in the rentals of the afore-mentioned premises.

Even though at the time of our decision in the Aponte case—May 25, 1948—Act No. 201 of May 14, 1948 was already in force, we did not deem that said Act would affect the decision of the case. Thus, we said in footnote 3 of the opinion, p. 782:

"We take notice of the fact that on May 15, [sic] 1948 Act No. 201 was approved to take effect immediately. This Act, in amending § 6 of Act No. 464 of 1946 as amended by Act No. 37 of 1947 provides that 'No capital improvement, nor the reconstruction of the building, nor the conversion of a dwelling into commercial premises, nor the conversion of commercial premises into a dwelling, shall be considered a new building for the purposes of § 24 of this Act.'

"Accepting without deciding that under this amendment the Administrator might be authorized to fix the rent of the establishments involved herein, the present case would not be affected. The orders rendered by the Administrator on August 14, 1947 are void inasmuch as they are not authorized by any law in force at that time."

It was after Act No. 201 was approved and the *Aponte* case decided that the Administrator, on the ground that said Act subjected the commercial premises of the intervener herein to the regulations of rent control, issued his orders of July

20, 1948 ordering reductions in the rentals of the two premises. In annulling said orders the lower court based itself on the fact that the afore-mentioned Act No. 201 had no retroactive effect, while the Administrator gave it such effect in applying it, as by his orders he was annulling the exemption obtained by the intervener—prior to the approval of said Act No. 201—under the provisions of § 24 of the Reasonable Rents Act.

The Administrator, petitioner herein, maintains that the commercial premises of the intervener were subject to rent control from the date of approval of Act No. 201, that is, May 14, 1948, since the exemption enjoyed by them under § 24 of the Reasonable Rents Act was eliminated by legislative action, and the latter was perfectly valid; and that in ordering reductions in the rentals of said premises he had applied the Act prospectively and not retroactively.

The intervener, on the other hand, maintains that nothing in Act No. 201 discloses any intention on the part of the Legislative Assembly to destroy the exemption originally granted to him under § 24 of the Reasonable Rents Act.

Section 24 of the afore-mentioned Act, under which the premises of the intervener were declared to be exempt from regulation, provided originally, insofar as is pertinent, the following:

"For the purpose of encouraging the construction program in Puerto Rico, every rental property for businesses and commercial and industrial purposes whose construction is actually started on or after January 1, 1946, and terminated within a period of one year counting from said date, is hereby exempt from the provisions of this Act as regards the amount of the rental to be charged during the emergency, unless the Administrator for justified reason, should extend said term for an additional period which shall in no case exceed one year."

The Section did not expressly include the improvements of capital importance, reconstructions or conversions of dwellings into commercial premises nor of commercial premises

into dwellings. It was by liberal construction of said Section that we reached the conclusion in the *Aponte* case that its provisions applied to reconstructions and to improvements of capital importance which, without limiting dwelling premises, provided additional commercial premises, although new buildings were not in fact involved. It was, no doubt, in view of the judicial issue joined in the *Aponte* case as to the scope of § 24, that the Legislative Assembly enacted Act No. 201. Evidently, the Legislature intended to give to said Section the scope ascribed to it from the beginning by the Administrator and not to leave it subject to judicial construction as already construed by a lower court. In this respect, Act No. 201 is a special interpretative statute, 2 Sutherland Statutory Construction, § 3004, p. 225, which was applied prospectively by the Administrator. Since it is a proper legislative function to determine what kind of property it will subject to rent control, *Woods* v. *Miller Co.*, 333 U.S. 138, 92 L.ed. 596, the Legislature could subject to such control any kind of property which it had previously exempted from regulation. In enacting Act No. 201 the Legislature did not infringe any vested rights of the intervener. Neither did it violate any contract, since the exemptions of § 24 were not granted by virtue of any contractual relation with the owners of the properties exempted originally from rent control. And in its application, the Administrator did so prospectively when ordering decreases in the rentals to be effective on a date subsequent to the effective date of Act No. 201. We find no basis for the finding of the lower court that the action of the Administrator had the scope of giving a retroactive effect to said Act. The test to determine the retroactive character of Act No. 201 is not the class of property to which it is applied but the date from which the rentals of the property are controlled. The intervener does not hold that the Legislature could not eliminate the exemption contained in the original Act that was granted to him by judicial construction. Nor does he challenge the orders of the Admin-

istrator alleging that vested rights or contractual relations were violated. His contention, as we indicated, is that there is nothing in Act No. 201 that might indicate the legislative intent to affect the exemptions granted by § 24 up to the date of approval of said Act. The difficulty with this argument is that such intention does not have to be evidenced by express words, for such was the only purpose and legal effect of the legislative action and the only aim of Act No. 201, considering the basic nature and purpose of the legislation involved. It is precisely the opposite of the intervener's contention. If the Legislative Assembly had intended to reserve the exemption for the commercial premises exempted under the previous legislation, it would have been bound to do so expressly.

Since the orders issued by the petitioner on July 20, 1948 ordering reductions in the rentals of the commercial premises of the intervener, constitute a valid exercise of his powers under the law, the judgment rendered by the lower court on May 26, 1949 will be reversed and another entered affirming the afore-mentioned orders.